UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SAMUEL DUDLEY,                                              DKT#:12-CV-5148

                 Plaintiff,                          **FIRST AMENDED COMPLAINT**

       - against -                                  **JURY TRIAL DEMANDED**

DET. KEITH KNIGHT (Shield # 2886),                  **ECF CASE**
DET. DEON AYALA (Tax ID # 938006), and
SGT. SUNIL SINGH (Tax ID # 939179),
Individually and in their official capacities,

                 Defendant.
-----------------------------------------------------------------------x

       Plaintiffs, SAMUEL DUDLEY, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6. Plaintiff, SAMUEL DUDLEY, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179), were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## **FACTS**

13. On or about March 23, 2012, at approximately 6:15 a.m. the Plaintiff was at the location of 159-20 Harlem River Drive, Apt. 13F, in the County and State of New York.

14. On or about March 23, 2012, at approximately 6:15 a.m. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179), and other police officers, executed a search warrant at the location and entered the apartment.

15. At the time the search warrant was executed DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179) searched the apartment.

16. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179), recovered two clear bags that contained a white powder from inside a closet that was inside of Plaintiff's bedroom.

17. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179) failed to perform a field-test on the white powder substance that was recovered.

18. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179) failed to take any measures to determine whether the white powder substance was a controlled substance.

19. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006),

and SGT. SUNIL SINGH (Tax ID # 939179) arrested the Plaintiff.

20. The Plaintiff was criminally charged with Criminal Possession of a Controlled Substance in the Second Degree, which is a Class A-II felony.

21. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179) did not have any probable cause to arrest the Plaintiff.  However, without probable cause, and in reckless disregard for the truth, the Defendant police officers subjected the Plaintiff to an arrest and criminal prosecution.

22. The white powder substance contained in the bags recovered during the execution of the search warrant was baking soda.

23. The criminal charges against the Plaintiff were dismissed.

24. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

27. All of the aforementioned acts deprived plaintiff SAMUEL DUDLEY of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

30. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of defendants' aforementioned conduct, plaintiff SAMUEL DUDLEY was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

33. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

34. As a result of the foregoing, plaintiff sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. As a result of defendants' aforementioned conduct, plaintiff SAMUEL DUDLEY and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

37. That the detention of the plaintiff by the defendants was objectively unreasonable and in violation of SAMUEL DUDLEY's constitutional rights.

38. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants were directly and actively involved in the initiation of criminal proceedings against SAMUEL DUDLEY.

41. Defendants lacked probable cause to initiate criminal proceedings against SAMUEL DUDLEY.

42. Defendants acted with malice in initiating criminal proceedings against SAMUEL DUDLEY.

43. Defendants were directly and actively involved in the continuation of criminal

proceedings against SAMUEL DUDLEY.

44. Defendants lacked probable cause to continue criminal proceedings against SAMUEL DUDLEY.

45. Defendants acted with malice in continuing criminal proceedings against SAMUEL DUDLEY.

46. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in SAMUEL DUDLEY's favor when all criminal charges against him were dismissed.

47. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendants issued legal process to detain the plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

50. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

51. Defendants acted with intent to do harm to SAMUEL DUDLEY without excuse or justification.

52. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame,

indignity, damage to reputation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Each of the Defendants including conspired to violate Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above for which the defendants are individually liable.

55. All of the aforementioned Defendants conspired by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. § 1985, for which the defendants are individually liable.

## DAMAGES AND RELIEF REQUESTED

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. All of the foregoing acts by defendants deprived SAMUEL DUDLEY of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

58. By reason of the aforesaid conduct by defendants, plaintiff SAMUEL DUDLEY is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the

Court may find just and proper.

**WHEREFORE,** Plaintiff SAMUEL DUDLEY demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

### PENDANT STATE CLIAMS
### FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### FALSE ARREST

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The Defendant police officers unlawfully detained and arrested plaintiff, SAMUEL DUDLEY, in the absence of probable cause and without an arrest warrant.

61. As a result of defendants' aforesaid conduct by defendants, plaintiff SAMUEL DUDLEY was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

62. The aforesaid actions by the defendants constituted a deprivation of the Plaintiff's rights.

63. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### MALICIOUS PROSECUTION

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants were directly and actively involved in the initiation of criminal

proceedings against SAMUEL DUDLEY.

66. Defendants lacked probable cause to initiate criminal proceedings against SAMUEL DUDLEY.

67. Defendants acted with malice in initiating criminal proceedings against SAMUEL DUDLEY.

68. Defendants were directly and actively involved in the continuation of criminal proceedings against SAMUEL DUDLEY.

69. Defendants lacked probable cause to continue criminal proceedings against SAMUEL DUDLEY.

70. Defendants acted with malice in continuing criminal proceedings against SAMUEL DUDLEY.

71. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in SAMUEL DUDLEY's favor when all criminal charges against him were dismissed.

72. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. The aforementioned conduct by the defendant police was extreme, outrageous, and exceeded all reasonable bounds of decency.

75. The aforementioned conduct was committed by the defendant police while acting within the scope of their employment by the defendant THE CITY OF NEW YORK.

76. The aforementioned conduct was committed by the defendant police while acting in Furtherance of their employment by the defendant THE CITY OF NEW YORK.

77. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to the plaintiff.

78. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## CONDITIONS PRECEDENT

79. Within 90 days of the Plaintiff's acquittal, on May 22, 2012, a Notice of Claim was served upon the defendant City of New York, setting forth:

    a. The name and post office address of the claimant and his attorney;

    b. The nature of the claim;

    c. The time when, the place where, and the manner in which the claim arose;

    d. The items of damages and injuries sustained so far as practicable.

80. The Notice of Claim was served upon the defendant, City of New York, within 90 days after Plaintiff's several causes of action accrued.

81. More than thirty days have elapsed since the Notice of Claim was served upon the City of New York.

82. The City of New York and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

83. The defendant City of New York did not request a hearing within 30 days pursuant to

Section 50-H of the General Municipal Law.

84. This action has been commenced within one year and 90 days after Plantiff's various causes of action have accrued.

85. Plaintiff has duly complied with all of the conditions precedent to the commencement of these causes of action.

**WHEREFORE,** Plaintiff SAMUEL DUDLEY demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated:  New York, NY
        November 20, 2012

By:   */s/ Bryan Konoski*

BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832