UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SAMUEL DUDLEY,

                    Plaintiff,

             - against -

DET. KEITH KNIGHT (Shield # 2886),
DET. DEON AYALA (Tax ID # 938006), and
SGT. SUNIL SINGH (Tax ID # 939179),
Individually and in their official capacities,

                    Defendant.
-------------------------------------------------------------------x

*DKT#:12-CV-5148*

**SECOND AMENDED
COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiffs, SAMUEL DUDLEY, by his attorneys, TREYVUS & KONOSKI, P.C.,

complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

1.  Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 for violations of their civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.

### JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the

First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

3.  Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.  Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff, SAMUEL DUDLEY, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7.  THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.  That at all times hereinafter mentioned, the individually named defendants, DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179), were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by THE CITY OF NEW YORK.

## FACTS

13. On or about March 23, 2012, at approximately 6:15 a.m. the Plaintiff was at the location of 159-20 Harlem River Drive, Apt. 13F, in the County and State of New York.

14. On or about March 23, 2012, at approximately 6:15 a.m. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179), and other police officers, executed a search warrant at the location and entered the apartment.

15. At the time the search warrant was executed DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179) searched the apartment.

16. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179), recovered two clear bags that contained a white powder from inside a closet that was inside of Plaintiff's bedroom.

17. According to the Criminal Complaint, which was signed and sworn to by DET. KEITH KNIGHT, "Deponent executed a search warrant . . . and recovered two clear bags of what **appears to be** cocaine . . .." (emphasis added)(Exhibit A).

18. According to the Property Clerk Invoice prepared in connection with this case, the substance recovered was "**alleged** cocaine". (emphasis added)(Exhibit B).

19. The DA's data sheet recorded that the defendant police officers reported that "In Samuel Dudley's room (Bedroom #1) – 2 bags of **what appears to be** cocaine" was recovered.

(emphasis added)(Exhibit C).

20. The statements set forth in the criminal case file, such as those statements set forth in Paragraphs 17, 18, and 19, above, inclusive of the terms "appears to be", "alleged" and "what appears to be",  demonstrate that the defendant police officers, DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179), did not reasonably believe that the substance recovered was cocaine.

21. The white powder recovered was an aggregate weight of approximately 4 ounces or more.  (Exhibit A).

22. The white powder was contained on the top shelf of the Plaintiff's closet and was sealed in a plastic bag.  (Exhibit D).

23. The packaging of the white powder recovered from the Plaintiff's closet was not consistent with packaging that is normally associated with the maintenance, management, or safe-keeping of a sizable amount of cocaine (i.e., 4 ounces or more).  (Exhibit D).

24. The white powder recovered from the Plaintiff's closet was in a large enough quantity for the defendant police officers, including DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179), to adequately view the texture and other physical characteristics of the white powder.  (Exhibit D).

25. The texture and other physical characteristics of the white powder recovered from the Plaintiff's closet was not consistent with cocaine or any other narcotic substance.

26. It is the normal custom and policy of the New York City Police Department to utilize a "field test" in order to confirm whether a substance is, or is not, a narcotic.  This policy prevents false arrests.

27. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006),

and SGT. SUNIL SINGH (Tax ID # 939179) had access to a narcotics "field test".

28. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179) failed to perform a field-test on the white powder that was recovered from the Plaintiff's closet. A field-test was not performed either at the scene where the white powder was recovered from the Plaintiff's closet, or at the police precinct.

29. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179) failed to take any measures whatsoever to determine whether the white powder recovered from the Plaintiff's closet was a controlled substance.

30. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179) failed to use a "field test" on the white powder despite the fact that the defendant police officers were not reasonably certain that the substance was cocaine (see ¶¶ 17 through 20, above), and despite the fact that the white powder was not packaged in a manner consistent with cocaine or any other narcotic (see ¶¶ 22 and 23), and despite the fact that the texture and physical characteristics of the white powder was not consistent with cocaine or any other narcotic substance (see ¶¶ 24 and 25), and despite the fact that the defendant police officers had access to a "field test" (see ¶ 27) and that it was the normal custom and policy of the New York City Police Department utilize a "field test" in order to confirm whether a substance is, or is not, a narcotic (see ¶ 26).

31. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179) did not reasonably believe that the white powder recovered from the Plaintiff's closet was cocaine.

32. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006),

and SGT. SUNIL SINGH (Tax ID # 939179), knew or should have known that the white powder recovered from the Plaintiff's closet was not cocaine or any other narcotic.

33. Despite the aforementioned facts, the Plaintiff was placed under arrest by DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and/or SGT. SUNIL SINGH (Tax ID # 939179).

34. The Plaintiff was criminally charged with Criminal Possession of a Controlled Substance in the Second Degree, which is a Class A-II felony.

35. DET. KEITH KNIGHT (Shield # 2886), DET. DEON AYALA (Tax ID # 938006), and SGT. SUNIL SINGH (Tax ID # 939179) did not have any probable cause to arrest the Plaintiff.  However, without probable cause, and in reckless disregard for the truth, the Defendant police officers subjected the Plaintiff to an arrest and criminal prosecution.

36. The white powder contained in the bags recovered from the Plaintiff's closet during the execution of the search warrant was baking soda.

37. The criminal charges against the Plaintiff were dismissed.  (Exhibit E)

38. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

41. All of the aforementioned acts deprived plaintiff SAMUEL DUDLEY of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

44. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF
### UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. As a result of defendants' aforementioned conduct, plaintiff SAMUEL DUDLEY was subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

47. That the seizure of the plaintiff was objectively unreasonable and in violation of the plaintiff's constitutional rights.

48. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life,

loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. As a result of defendants' aforementioned conduct, plaintiff SAMUEL DUDLEY and was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

51. That the detention of the plaintiff by the defendants was objectively unreasonable and in violation of SAMUEL DUDLEY's constitutional rights.

52. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants were directly and actively involved in the initiation of criminal proceedings against SAMUEL DUDLEY.

55. Defendants lacked probable cause to initiate criminal proceedings against SAMUEL DUDLEY.

56. Defendants acted with malice in initiating criminal proceedings against SAMUEL

DUDLEY.

57. Defendants were directly and actively involved in the continuation of criminal proceedings against SAMUEL DUDLEY.

58. Defendants lacked probable cause to continue criminal proceedings against SAMUEL DUDLEY.

59. Defendants acted with malice in continuing criminal proceedings against SAMUEL DUDLEY.

60. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in SAMUEL DUDLEY's favor when all criminal charges against him were dismissed.

61. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants issued legal process to detain the plaintiff and subject him to an unlawful seizure of his person, to an illegal and unlawful arrest, and to unlawfully subject his property to a search and seizure.

64. Defendants actions were designed to obtain a collateral objective outside the legitimate ends of the legal process.

65. Defendants acted with intent to do harm to SAMUEL DUDLEY without excuse or justification.

66. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE CIVIL RIGHTS UNDER 42 U.S.C. § 1985

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Each of the Defendants including conspired to violate Plaintiff's civil rights by agreeing among themselves to engage in the conduct set forth above for which the defendants are individually liable.

69. All of the aforementioned Defendants conspired by agreeing among themselves to engage in the conduct set forth above, in violation of 42 U.S.C. § 1985, for which the defendants are individually liable.

## DAMAGES AND RELIEF REQUESTED

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. All of the foregoing acts by defendants deprived SAMUEL DUDLEY of federally protected rights, including, but not limited to, the right:

      A.  Not to be deprived of liberty without due process of law;

      B.  To be free from seizure and arrest not based upon probable cause;

      C.  To be free from unwarranted and malicious criminal prosecution;

      D.  To receive equal protection under the law.

72. By reason of the aforesaid conduct by defendants, plaintiff SAMUEL DUDLEY is entitled to the sum of one million dollars ($1,000,000.00) in compensatory damages,

one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees pursuant to 42

U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the

Court may find just and proper.

**WHEREFORE,** Plaintiff SAMUEL DUDLEY demands judgment in the sum of one

million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in

punitive damages, plus attorney's fees, costs and disbursements of this action.

## PENDANT STATE CLIAMS
### FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### FALSE ARREST

73. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. The Defendant police officers unlawfully detained and arrested plaintiff, SAMUEL

DUDLEY, in the absence of probable cause and without an arrest warrant.

75. As a result of defendants' aforesaid conduct by defendants, plaintiff SAMUEL

DUDLEY was subjected to an illegal, improper and false arrest by the defendants and taken into

custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by

the defendants in criminal proceedings.

76. The aforesaid actions by the defendants constituted a deprivation of the Plaintiff's

rights.

77. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life,

loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame,

indignity, damage to reputation, and deprivation of his constitutional rights.

### SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### MALICIOUS PROSECUTION

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendants were directly and actively involved in the initiation of criminal proceedings against SAMUEL DUDLEY.

80. Defendants lacked probable cause to initiate criminal proceedings against SAMUEL DUDLEY.

81. Defendants acted with malice in initiating criminal proceedings against SAMUEL DUDLEY.

82. Defendants were directly and actively involved in the continuation of criminal proceedings against SAMUEL DUDLEY.

83. Defendants lacked probable cause to continue criminal proceedings against SAMUEL DUDLEY.

84. Defendants acted with malice in continuing criminal proceedings against SAMUEL DUDLEY.

85. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in SAMUEL DUDLEY's favor when all criminal charges against him were dismissed.

86. As a result of the foregoing, plaintiff sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. The aforementioned conduct by the defendant police was extreme, outrageous, and exceeded all reasonable bounds of decency.

89. The aforementioned conduct was committed by the defendant police while acting within the scope of their employment by the defendant THE CITY OF NEW YORK.

90. The aforementioned conduct was committed by the defendant police while acting in Furtherance of their employment by the defendant THE CITY OF NEW YORK.

91. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to the plaintiff.

92. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## CONDITIONS PRECEDENT

93. Within 90 days of the Plaintiff's acquittal, on May 22, 2012, a Notice of Claim was served upon the defendant City of New York, setting forth:

    a. The name and post office address of the claimant and his attorney;

    b. The nature of the claim;

    c. The time when, the place where, and the manner in which the claim arose;

    d. The items of damages and injuries sustained so far as practicable.

94. The Notice of Claim was served upon the defendant, City of New York, within 90 days after Plaintiff's several causes of action accrued.

95. More than thirty days have elapsed since the Notice of Claim was served upon the City of New York.

96. The City of New York and its Comptroller have failed, neglected and refused to pay,

settle, compromise or adjust the claim of the Plaintiff herein.

97. The defendant City of New York did not request a hearing within 30 days pursuant to Section 50-H of the General Municipal Law.

98. This action has been commenced within one year and 90 days after Plantiff's various causes of action have accrued.

99. Plaintiff has duly complied with all of the conditions precedent to the commencement of these causes of action.

**WHEREFORE,** Plaintiff SAMUEL DUDLEY demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated:  New York, NY
       December 29, 2012

By: _____
    BRYAN KONOSKI (BK2325)
    Treyvus & Konoski, P.C.
    *Attorney(s) for the Plaintiff*
    305 Broadway, 14th Floor
    New York, NY 10007
    (212) 897-5832

# EXHIBIT A

MAR-23-2012 06:39P FROM:                                    TO:912120150506      P.1/2

# CRIMINAL COURT OF THE CITY OF NEW YORK
## COUNTY OF NEW YORK

|  |  |  |
|---|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br>-against- | FELONY<br>ADA JEAN<br>212-815-09 | Page 1 of 2 |
| 1. Samuel Dudley (M 32)      ECAB #<br>                                   1325909 |  |  |
|                                   Defendant. |  |  |

Detective Keith Knight, ▮▮▮▮ of the Narcotic Boro Manhattan North, states as follows:

On March 23, 2012, at about 06:15 hours inside of 159-20 Harlem River Drive, Apt 13F, in the County and State of New York, the Defendant committed the offenses of:

1.    PL220.18(1)    Criminal Possession of a Controlled Substance in the Second
                     Degree
                     (1 count)

the defendant knowingly and unlawfully possessed a substance containing a narcotic drug and said preparations, compounds, mixtures and substances are of an aggregate weight of four ounces or more.

The offenses were committed under the following circumstances:

Deponent states that pursuant to a search warrant, signed by the Honorable Richard M. Weinberg, deponent executed a search warrant on apartment 13F of 159-20 Harlem River Drive, New York, New York, and recovered two clear bags of what appears to be cocaine which was recovered from inside a closet inside of defendant's bedroom.

Deponent further states that the above-described substance appears to be what it is alleged to be based upon information and belief, the source of which is as follows:  his professional training as a police officer in the identification of drugs, his prior experience as a police officer in drug arrests and observation of the packaging which is characteristic of this type of drug.

D34

MAR-23-2012 06:39P FROM:                    TO:912128150986    P.2/2

## CRIMINAL COURT OF THE CITY OF NEW YORK
## COUNTY OF NEW YORK

| | | Page 2 of 2 |
| --- | --- | --- |
| THE PEOPLE OF THE STATE OF NEW YORK<br>-against- | FELONY<br>ADA JEAN | |
| 1. Samuel Dudley (M 32) | ECAB #<br>1325909 | |
| | Defendant. | |

Deponent further states that based on the deponent's training and experience, the weight of the two bags of what appears to be cocaine is of an aggregate weight of more than four ounces.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

_____          3/23/12    2015 hrs.
Deponent                         Date and Time

ACT 5 Version 4.3.5 Created on 03/23/12 3:08 PM

# EXHIBIT B

 **NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
**Property Clerk Invoice**
PD 521.141(Rev. 11/08)



Invoice No. **1000151229**

| | | | | | Invoice Status **OPEN** |
|---|---|---|---|---|---|
| Invoicing Command **32ND PCT.** | | | | | Property Category **ARREST EVIDENCE** |
| Invoice Date **03/23/2012** | | Property Type **CONTROLLED SUBSTANCE** | | | |

| Officers | Rank | Name | Tax No. | Command | | |
|---|---|---|---|---|---|---|
| Invoicing | DT3 | AYALA, DEON | | NBMN | OCME Sv No. | |
| Arresting | DT3 | KNIGHT, KEITH | | NBMN | OCME FB No. | |
| Investigating | DT3 | KNIGHT, KEITH | | NBMN | Police Lab Unit Ctrl No. | |
| Det Squad Supervisor | N/A | | | | Det Seq Crime No. | N/A |
| OBJECT Fingerprint | N/A | | | | OBJECT Pub No. | N/A |

| Seq | Total QTY | Article | | | PETS No. | Rem QTY | Disposition |
|---|---|---|---|---|---|---|---|
| 1 | 2 | ALLEGED COCAINE COLOR: WHITE PACKAGED IN: CLEAR BAGS FORM: POWDER | | | 12011869543 6033000 | 2 | |

**REMARKS:**
6036006 03/23/2012 10:40 : VOUCHERED ITEMS WERE RECOVERED FROM BEDROOM #1 CLOSET.

| Date Of Docket | Penal Code/Description | | Crime Classification | Related To | | Receipt **ACCEPTED** |
|---|---|---|---|---|---|---|
| 03/23/2012 | PENAL LAW/220.16 | | FELONY | N/A | | |

| Prisoner(s) Name | | D.O.B | Age | Address | | Arrest No./Summons No. NYSID No. |
|---|---|---|---|---|---|---|
| 1 DUDLEY, SAMUEL | | 05/13/1979 | 32 | 165-20 HARLEM RIVER DRIVE, 13F, MANHATTAN, NY | | M12626527 |

| | Name | Tax No. | Address | | Phone No. |
|---|---|---|---|---|---|
| Finder(s) | AYALA, DEON | | NY | | 212-694-8114 |
| Owner(s) | DUDLEY, SAMUEL | | 165-20 HARLEM RIVER DRIVE, 13F, MANHATTAN, NY | | 646-712-6227 |
| Complainant(s) | PSNY | | | | |
| Complaint No. | N/A | | | | |
| Related Comp No.(s) | N/A | | | | |
| Accd/Accident No.(s) | N/A | | | | |
| Related Invoice(s) | N/A | | | | |



Invoice No. **1000151229**

**Property Clerk Copy**
printed 03/23/2012 13:47

PCB Storage No. —

Page No. 1 of 2

**D45**

# EXHIBIT C

# APS DA DATASHEET

| | Defendant #1<br>Samuel Dudley | | Defendant #2 |
|---|---|---|---|
| **Bail Rec:**<br>ROR | | **Bail Rec:** | |
| **Reasons:**<br>Field test came back inconclusive, not clear items recovered was cocaine w/o field test. Reserve right to ask for bail pending lab. | | **Reasons:** | |
| **Bail Req:**<br>RoR | **Bail Set:**<br>RoR | **Bail Req:** | **Bail Set:** |

## SW CASE

SW case - ▮▮▮▮▮ is the target.

1. In Samuel Dudley's room (Bedroom #1) - 2 bags of what appears to be cocaine. Weight (with packaging) appears to be over 15 oz.
2. In ▮▮▮▮ room (Bedroom #2) - 5 pipes with residue recovered from nightstand; 8 ziplocks with residue recovered from inside a blue and yellow bag; and 2 notebooks with records pertaining to sale of narcotics.
3. ▮▮▮▮ was in ▮▮▮▮ room. ▮▮▮▮▮ clothing and other personal property was located on one side of the bed while ▮▮▮▮ property was located on the other.

| Statements Δ1:<br>At 32 precinct holding cell at approx. 9:30 AM to Det. Collazo:<br>"I am just always in my room. I have nothing to do with what's going on here." | Statements Δ2: |
|---|---|
| ID Δ1: | ID Δ2: |

| Date:<br>ARS 3/23 | Part:<br>3/23 | Special Instructions | Notice Checklist | D E F 1 | D E F 2 |
|---|---|---|---|---|---|
| ADA:<br>Erfh | | Arraignment Notes: | 710.30(1A) | | |
| | | | 710.30(1B) | | |
| Judge:<br>Cloff | | | 190.50(5A) | ✓ | |
| Court Reporter:<br>Tilion  4/27 | | | Cross GJ | W | |
| | | | OTP | | |
| | | | 170.20 | ☐ | |
| Adj. Date:<br>4/27 | Adj Part:<br>N | | Request TOP | | |
| Reasons:<br>GJA | | | F & S Supp Dep. | | |
| | | | 450.10 48 Hour | | |
| | | | 450.10 15 Day | | |
| | | | Surety ____ | | |
| | | | F & S Field Test | | |

Δ/C #1: Gay anilo  (18(b))   Δ/C #2:

**EXHIBIT D**

D 26

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK
                 VS

DUDLEY,SAMUEL
Defendant

159-20 HARLEM RIVER DRIVE
Address

NEW YORK          NY   10039
City            State   Zip

Docket Number: 2012NY023918

220.18
Arraignment Charges

CERTIFICATE OF DISPOSITION
NUMBER:  292836

05/13/1979
Date of Birth

9834300H
NYSID Number

03/23/2012
Date of Arrest/Issue

Summons No:

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|-------------|-------|------|
| 04/27/2012 | DISMISSED - MOTION OF DA | WEINBERG,R | N |

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY      _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE   _ ACCUSATORY INSTRUMENT   _ DOCKET BOOK/CRIMS   _ CRC3030[CRS963]

    I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

MONTAGUE,G
COURT OFFICIAL SIGNATURE AND SEAL

09/26/2012
DATE      FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
         SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

SEALED

pursuant to Section 160.50 of the CPL

# EXHIBIT E

**RECORD OF COURT ACTION**                    Form CRC 151.1

| Date | Court Action | **1** | Adj. Request | Present | Absent | Notify | Excused |
|---|---|---|---|---|---|---|---|
| Apr 11/12 | | | People | Officer | Officer | Officer | Officer |
| | | | Defense | Complainant | Complainant | Complainant | Complainant |
| **Part** | | | Consent ✓ | Defendant | Defendant | Defendant | |
| N | | | Court ✓ | Attorney | Attorney | Attorney | |

DISMISSED-MOTION D.A.

SEALED

**Reason for Adjournment**

**SPEEDY TRIAL**
.............. Adjournment period to be excluded under 30.30 CPL
.............. Adjournment period to be charged under 30.30 CPL
.............. The defendant, being without counsel, consents to this adjournment after having been advised of his rights under the Speedy Trial Rules and the effect of his consent.
.............. The defendant, upon being released on his own recognizance, was directed by the Court pursuant to Sec. 510.40 of the CPL.

**Reporter** Antonio

**Judge** Kimberg

**Bail Condition**

| Date | Court Action | **2** | Adj. Request | Present | Absent | Notify | Excused |
|---|---|---|---|---|---|---|---|
| | | | People | Officer | Officer | Officer | Officer |
| | | | Defense | Complainant | Complainant | Complainant | Complainant |
| **Part** | | | Consent | Defendant | Defendant | Defendant | |
| | | | Court | Attorney | Attorney | Attorney | |

**Reason for Adjournment**

**SPEEDY TRIAL**
.............. Adjournment period to be excluded under 30.30 CPL
.............. Adjournment period to be charged under 30.30 CPL
.............. The defendant, being without counsel, consents to this adjournment after having been advised of his rights under the Speedy Trial Rules and the effect of his consent.
.............. The defendant, upon being released on his own recognizance, was directed by the Court pursuant to Sec. 510.40 of the CPL.

**Reporter**

**Judge**

**Bail Condition**

| Date | Court Action | **3** | Adj. Request | Present | Absent | Notify | Excused |
|---|---|---|---|---|---|---|---|
| | | | People | Officer | Officer | Officer | Officer |
| | | | Defense | Complainant | Complainant | Complainant | Complainant |
| **Part** | | | Consent | Defendant | Defendant | Defendant | |
| | | | Court | Attorney | Attorney | Attorney | |

**Reason for Adjournment**

**SPEEDY TRIAL**
.............. Adjournment period to be excluded under 30.30 CPL
.............. Adjournment period to be charged under 30.30 CPL
.............. The defendant, being without counsel, consents to this adjournment after having been advised of his rights under the Speedy Trial Rules and the effect of his consent.
.............. The defendant, upon being released on his own recognizance, was directed by the Court pursuant to Sec. 510.40 of the CPL.

**Reporter**

**Judge**

**Bail Condition**

| Date | Court Action | **4** | Adj. Request | Present | Absent | Notify | Excused |
|---|---|---|---|---|---|---|---|
| | | | People | Officer | Officer | Officer | Officer |
| | | | Defense | Complainant | Complainant | Complainant | Complainant |
| **Part** | | | Consent | Defendant | Defendant | Defendant | |
| | | | Court | Attorney | Attorney | Attorney | |

**Reason for Adjournment**

**SPEEDY TRIAL**
.............. Adjournment period to be excluded under 30.30 CPL
.............. Adjournment period to be charged under 30.30 CPL
.............. The defendant, being without counsel, consents to this adjournment after having been advised of his rights under the Speedy Trial Rules and the effect of his consent.
.............. The defendant, upon being released on his own recognizance, was directed by the Court pursuant to Sec. 510.40 of the CPL.

**Reporter**

**Judge**

**Bail Condition**

| Court No. | Defendant | **RECORD OF COURT ACTION** |
|---|---|---|